**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO:** _____ |
| **v.** | : | **DATE FILED:** _____ |
| **YOLANDA BROWN** | : | **VIOLATION:** |
| **a/k/a "Yolanda Rumph"** | | **18 U.S.C. § 1343 (wire fraud – 1** |
| | : | **count)** |
| | | **Notice of forfeiture** |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to Count One of this information:

1. Defendant YOLANDA BROWN owned and operated Brown Financial & Consulting Services Group LLC.   Defendant BROWN offered financial and consulting services to political campaigns and businesses across the United States.   As part of her business, defendant YOLANDA BROWN opened bank accounts for her clients and otherwise managed client funds.   Many of her clients placed defendant BROWN in a position of trust and allowed her to exercise control over their funds.

2. Political Campaign #1 was a campaign for a candidate to be a member of the U.S. House of Representatives for a congressional district in the Eastern District of Pennsylvania.   Defendant YOLANDA BROWN worked as the treasurer of Political Campaign #1 from August 2025 until she was terminated in February 2026 after Political Campaign #1 discovered that defendant BROWN had been embezzling funds.

**THE SCHEME TO DEFRAUD**

3.    From on or about January 1, 2022, through on or about June 1, 2026, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**YOLANDA BROWN,**
**a/k/a "Yolanda Rumph,"**

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud by means of materially false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

It was part of the scheme that:

4.    Defendant YOLANDA BROWN defrauded her clients of funds, including Political Campaign #1, in order to pay for her own personal expenses.   In addition, defendant BROWN also defrauded her clients of funds in order to repay other clients from whom she stole funds.

5.    In order to more easily facilitate her scheme to defraud, defendant YOLANDA BROWN would often insist that her clients open bank accounts on which she was a signatory.   She then caused her clients to transfer money into those accounts ostensibly to pay her clients' expenses.   Defendant BROWN typically then transferred the funds via electronic wire transfers by moving money from client accounts to other personal accounts she solely controlled.

6.    For example, Political Campaign #1 had an existing account at Philadelphia Federal Credit Union in Pennsylvania when it first hired Defendant YOLANDA BROWN.   Defendant BROWN caused Political Campaign #1 to open a bank account at Bank of America in Virginia with defendant BROWN as an account holder and signatory on the account.

2

7. Defendant BROWN then caused an ACH transfer in the amount of $19,000 from Political Campaign #1's account at Philadelphia Federal Credit Union in Pennsylvania to Political Campaign #1's account at Bank of America in Virginia on which defendant BROWN was an authorized account holder and signatory. Defendant BROWN subsequently transferred $6,200 of those funds from Political Campaign #1's account at Bank of America in Virginia to defendant BROWN's own account at Bank of America, via mobile electronic transfer, without the authorization of Political Campaign #1.

8. As part of the overall scheme, defendant YOLANDA BROWN defrauded approximately 20 clients of a total of more than $1.4 million and repaid more than $400,000, for a total net loss of more than $1 million.

## THE WIRE IN FURTHERANCE OF THE SCHEME

9. On or about September 5, 2025, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**YOLANDA BROWN**,
**a/k/a "Yolanda Rumph,"**

for the purpose of executing a scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds: to wit, an electronic ACH transfer in the amount of $19,000 from Political Campaign #1's account at Philadelphia Federal Credit Union in Pennsylvania ending in 0401 to the bank account of Political Campaign #1 at Bank of America in Virginia ending in 6888 on which defendant BROWN was an authorized account holder and signatory.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      As a result of the violation of Title 18, United States Code, Section 1343, set forth in Count One of this information, defendant

**YOLANDA BROWN,**
**a/k/a "Yolanda Rumph,"**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_____ /FOR

**DAVID METCALF**
**UNITED STATES ATTORNEY**

Case 2:26-cr-00362-CFK    Document 1    Filed 08/06/26    Page 6 of 6

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

Yolanda Brown
a/k/a "Yolanda Rumph"

INFORMATION

Count

18 U.S.C. § 1343 (wire fraud – 1 count)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Foreperson

Bail, $_____